Mr. Justice Clayton
delivered the opinion of the court.
The onty question in this case is, whether a full price paid in. the purchase of a slave implies a warranty of soundness.
On this subject, the general rule is, that the purchaser buys at his own peril, caveat emptor, unless the seller either give an express warranty, or unless the law imply a warranty from the circumstances of the case, or. the nature of the thing sold ; or unless the seller be guilty of a fraudulent representation or concealment in respect to a material inducement to the sale.” Story on Sales, 293.
No particular form of words is necessary to the creation of a warranty — any affirmation or representation in relation to the article sold, is sufficient if it be intended to have that effect. Kinley v. Fitzpatrick, 4 How. 59. There is certainly a ten *481 dency in the modern cases to enlarge the responsibility of the seller, and to extend the doctrine of implied warranty. The growing spirit of commerce seems more and more to require, that every vendor of an article should be held answerable for its merchantable quality. Still the general rule is as before stated, and every deviation from it, must be regarded as merely an exception. The exceptions have, by a late writer, been ranged under five distinct classes. 1st. A warranty is implied that a seller has title. 2d. That the articles are merchantable, when from their nature or situation at the time of the sale, an examination is impracticable. This rule is most frequently brought into requisition, where the seller is the manufacturer. 3d. Upon an executory contract to manufacture an article, or to furnish it for a particular use or purpose, a warranty will be implied, that it is reasonably fit and proper for such purpose and use, as far as an article of such kind can be. 4th. A warranty is implied against all latent defects in two cases; 1, where the seller knew the buyer did not rely on his own judgment, but on that of the seller, who knew or might have known the existence of the defects; and 2, where a manufacturer or producer undertakes to furnish articles of his manufacture or produce, in answer to an order. 5th. That goods sold by sample correspond with the sample, in quality.
Another exception to the rule, that a purchaser ordinarily buys at his own risk, is where the vendor has been guilty of fraudulent misrepresentation or concealment. Story on Sales, 293-830. See also Leflore v. Justice, 1 S. & M. 381.
The evidence in this case does not bring the purchaser within the purview of any of the exceptions. He must charge his loss to a presumptuous réliance on his own judgment, and his improvidence in failing to obtain a warranty against defects, to which the property was in its nature liable. The charges of the court propounded the law correctly.
The judgment is affirmed.